Fill in this information to identify your case:

Debtor 1  __Antenette  Renea  Murray__

Debtor 2  _____
(Spouse, if filing)

United States Bankruptcy Court for the: District of South Carolina

Case number  _22-02388-eg_

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed
☑ Pre-confirmation modification
☐ Post-confirmation modification

_____

District of South Carolina

### Chapter 13 Plan

**Part 1:** Notices

To Debtor(s): This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

To Creditor(s): Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | Included | Not included |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in partial payment or no payment to the secured creditor. | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☑ Included | ☐ Not included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☑ Included | ☐ Not included |

District of South Carolina                                      Chapter 13 Plan                                      Page 1
Effective May 1, 2019

Debtor Antenette Murray                                                                 Case Number [Case.Number]

**Part 2:** Plan Payments and Length of Plan

2.1   The debtor will pay the trustee as follows:
$0 per Month for 1 months
$3,169.00 per month for 1 months.
and 3,257..42 per month for 58 months.
*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court, unless otherwise ordered.

2.2   Regular payments to the trustee will be made from future income in the following manner:
*Check all that apply.*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☑ Other (specify method of payment): _TFS BIll Pay

2.3   Income tax refunds.
*Check one*
☑ The debtor will retain any income tax refunds received during the plan term.
☐ The debtor will treat income tax refunds as follows:
_____

2.4   Additional payments.
*Check one:*
☑ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*
☐ The debtor will make additional payment(s) to the trustee specified below. Describe the source, estimated amount, and date of each payment.
_____

**Part 3:** Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as secured as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

3.1   Maintenance of payments and cure or waiver of default, if any.
*Check One.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☐ **3.1(a)** The debtor is not in default and will maintain the contractual payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor.

**Name of Creditor**                                                                                                      **Collateral**

☑ **3.1(b)** The debtor is in default and will maintain the contractual payments on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| Park Recreational Development | 7897 Sabalridge Dr | $4,684.67 | 6.00% | $78.07<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) |

☑ **3.1(c)** The debtor will make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

**3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

**3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

**3.2** Request for valuation of security and modification of undersecured claims. *Check one.*

☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3** Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.
*Check One.*

☑ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

☐ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered, the applicable proof of claim sets the amount to be paid at the interest rate set below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise stated in Part 8.1, any applicable taxes and insurance shall be paid directly by the debtor. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or discharge under § 1328.

**3.4** Lien avoidance.
*Check One.*

☑ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5** Surrender of Collateral.
*Check One.*

☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4:** Treatment of Fees and Priority Claims

**4.1** General
The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** Trustee's fees
Trustee's fees are governed by statute and may change during the course of the case.

**4.3** Attorney's Fees
a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case.  Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement.  Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b. if, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $1,000.00 and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $4,000.000 or less.

**4.4** Priority claims other than attorney's fees and those treated in § 4.5.
*Check one.*

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a pro rata basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further modification of the plan.
Check box below if there is a Domestic Support Obligation.

☐ **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

d. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to _____, at the rate of $$_____ or more per month until the balance, without interest, is paid in full. Add additional creditors as needed.

e. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

f. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5** Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.
*Check one*.

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**Part 5:** Treatment of Nonpriority Unsecured Claims

**5.1** Nonpriority unsecured claims not separately classified. *Check one*.
Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.
☐ The debtor estimates payments of less than 100% of claims.
☐ The debtor proposes payment of 100% of claims.
☑ The debtor proposes payment of 100% of claims plus interest at the rate of 5.25%.

**5.2** Maintenance of payments and cure of any default on nonpriority unsecured claims. *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3** Separately classified nonpriority unsecured claims. *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

**Part 6:** **Executory Contracts and Unexpired Leases**

6.1    The executory contracts and unexpired leases listed below are assumed and treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

**Part 7:** **Vesting of Property of the Estate**

7.1    Property of the estate will vest in the debtor as stated below:
*Check the applicable box:*

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession and use of property of the estate shall remain with the debtor.  The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate.  The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor.

☐ other: The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1.  This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

**Part 8:** **Nonstandard Plan Provisions**

**8.1 Check "None" or List Nonstandard Plan Provisions**

**8.1 (a) Mortgage payments to be disbursed by the Trustee ("Conduit")**:

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current installment payment (ongoing payment amount) * | Monthly payment to cure GAP ** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
| MGC Mortgage Inc. | 7897 Sabalridge Dr, North Charleston SC  Property ID: 4040200062 | $1,606  Escrow for taxes: ☒ Yes ☐ No  Escrow for insurance: ☒ Yes ☐ No | $60 Or more | $67,226.67 | $1,120.44 Or more |

\* Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice filed under FRBP 3002(c) control over any contrary amounts above, and any Notice of Payment Change that might be filed to amend the ongoing monthly payment amount.

\** The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.

**All payments due to the Mortgage Creditor as described in any allowed Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1, filed with the Court, will be paid by the Trustee according to the requirements of the Operating Order 22-03, on a pro rata basis as funds are available.**

Once the trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges.

**8.1(b) Cure of post-petition mortgage delinquency.**

The debtor's post-petition mortgage arrearage will be paid in full through disbursements by the trustee.

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Estimated amount of post-petition arrearage | Months being paid as post-petition arrearage | Monthly plan payment on post-petition arrearage |
|---|---|---|---|---|
| MGC Mortgage Inc | 7897 Sabalridge Dr. North Charleston, SC 29418  Property ID: 4040200062 | $1,606 Or more | October 2022 | $28 Or more |
|  |  |  |  |  |

\* Unless otherwise ordered by the court, the arrearage will be calculated from the months listed above, with payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Mortgage Payment Change.

**Part 9:** **Signatures**

**9.1  Signatures of Debtor(s) and Debtor(s)' Attorney**
*The debtor and the attorney for the debtor, if any, must sign below.*

/s/ Antenette Renea Murray
Signature of Debtor 1

Signature of Debtor 2

Executed on: 11/28/2022

Executed on: 11/28/2022

/s/ Sean Markham
Signature of Attorney for Debtor(s)

Executed on: 11/28/2022

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**